980 F.2d 745
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Engracia C. WAJE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3430.
 United States Court of Appeals, Federal Circuit.
 Oct. 23, 1992.
 
 Before PAULINE NEWMAN, CLEVENGER and RADER, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Engracia C. Waje appeals from the decision of the Merit Systems Protection Board, denying her application for a survivor annuity under the Civil Service Retirement Act (CSRA). Waje v. Office of Personnel Management, No. SE0831910501I1 (MSPB Mar. 20, 1992). We affirm the Board's decision.
 
 Discussion
 
 2
 Mrs. Waje applied for survivor benefits upon the death of her husband Angel A. Waje. Mr. Waje had previously applied for retirement benefits and had been denied on the basis that his employment was not covered by the CSRA. OPM denied Mrs. Waje's application, stating that Mr. Waje had never contributed to the Civil Service Retirement Fund and thus never received benefits under the CSRA. Mrs. Waje appealed to the Board, and presented evidence at a hearing before an administrative judge establishing that Mr. Waje had been employed at Clark Air Force Base for a period of time between 1945 and 1952. The administrative judge affirmed OPM's decision, holding that Mrs. Waje had not established that the positions held by Mr. Waje were covered under the CSRA or that Mr. Waje had contributed to the Retirement Fund. The administrative judge stated that despite Mrs. Waje's assertions that deductions were withheld from Mr. Waje's salary, the absence of any record of such deductions in either the records of the Air Force or OPM indicated that deductions had not been withheld. The full Board denied Mrs. Waje's petition for review.
 
 
 3
 On appeal to this court Mrs. Waje asserts that official notice, 5 C.F.R. § 1201.64, should be taken of the fact that the positions held by Mr. Waje were covered under the CSRA since, she states, it is "common knowledge" that most positions at the Base were covered during that time period. Mrs. Waje also states that deductions should have been withheld, and that it should be presumed that they were withheld despite the absence of any record of such deductions.
 
 
 4
 Whether Mr. Waje occupied a position that was covered under the CSRA is not a fact appropriate for official notice, for there is no presumption of CSRA coverage. In the absence of any confirmatory records, Mrs. Waje bears the burden of establishing CSRA coverage for Mr. Waje's position. Similarly, the withholding of payroll deductions can not be presumed. The absence of any record of such deductions, in either the records of the Air Force or OPM, supports the Board's finding that no deductions were made. 5 U.S.C. § 7703(c).
 
 
 5
 Reversible error has not been shown in the Board's decision.